## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

```
KAYLA DENISE CURTIS,              )
                                  )
         Plaintiff,               )
                                  )
v.                                )  Case No. CIV-20-220-RAW-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
         Defendant.               )
```

### REPORT AND RECOMMENDATION

Plaintiff Kayla Denise Curtis (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 28 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has no past relevant work. Claimant alleges an inability to work beginning July 12, 2018 due to limitations resulting from mental

3

conditions.

## Procedural History

On July 23, 2018, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 4, 2019, Administrative Law Judge ("ALJ") Laura Roberts conducted an administrative hearing in Tulsa, Oklahoma. On February 3, 2020, the ALJ issued an unfavorable decision. On April 27, 2020, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the RFC to perform a full range of work at all exertional levels with non-exertional limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly assess Claimant's mental health listing level severity; (2) failing to properly consider, evaluate, weigh, and account for

the medical evidence and opinions; and (3) failing to properly assess Claimant's credibility.

### Step Three Analysis

In her decision, the ALJ determined Claimant suffered from the severe impairments of post-traumatic stress disorder ("PTSD"), panic disorder with agoraphobia, bipolar I disorder, major depressive disorder, generalized anxiety disorder, and cannabis use disorder. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations of understanding, remembering, and carrying out simple tasks with simple instructions in a routine work setting (SVP 1-2); having occasional changes in work processes; occasional interaction with co-workers and supervisors; and no interaction with the general public, acknowledging that "contact is okay." (Tr. 20).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of Cleaner II, kitchen helper, and floor waxer, all of which were found to exist in sufficient numbers in the national economy. (Tr. 25). As a result, the ALJ found Claimant was not under a disability since July 23, 2018, the date the application was filed. (Tr. 26).

Claimant contends that the ALJ failed to properly assess Claimant's mental health in light of the listings. The ALJ evaluated Claimant's mental impairments for equaling or meeting listings §12.04 for anxiety disorder, §12.06 for major depressive disorder, and §12.15 for post-traumatic stress disorder. (Tr. 19). Claimant first contends the ALJ should have evaluated Claimant's impairments for meeting or equaling §12.08 for personality disorders. The ALJ evaluated whether Claimant met the "paragraph B" criteria for §12.04, §12.06, and §12.15. (Tr. 19). He determined that she did not. (Tr. 19).

Claimant bears the burden of demonstrating a prima facie case of disability at steps one through four of the sequential evaluation. Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003)(citation omitted). This burden extends to step three where a claimant must prove he meets or equals all of the specified medical criteria associated with a particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

For §12.08, a claimant's impairments must meet the criteria of Paragraphs A and B. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.08. The mental impairments must result in one extreme limitation or two marked limitations in a broad area of

6

functioning. Id. The Paragraph B criteria for §12.04, §12.06, and 12.08 are identical:

    1. Marked restriction of activities of daily living; or

    2. Marked difficulties in maintaining social functioning; or

    3. Marked difficulties in maintaining concentration, persistence, or pace; or

    4. Repeated episodes of decompensation, each of extended duration.

Id.

Since the ALJ determined that Claimant did not meet the "paragraph B" criteria, it is irrelevant that she failed to specifically identify §12.08 as a listing which she considered. Claimant would not have met or equaled the listing by definition.

As for the ALJ's findings on the "paragraph B" criteria, she determined that Claimant had moderate limitations in the functional areas of understanding, remembering, or applying information, interacting with others, the ability to concentrate, persist, or maintain pace, and the ability to adapt or manage herself. She cited to Claimant's own testimony on her abilities. The medical record also supports these findings. (Tr. 658)(Dr. Melton found Claimant's memory intact with only mildly decreased

7

concentration, fair insight and judgment, coherent and logical thought processes, and good fund of knowledge)(Tr. 759, 763, 766, 772, 775, 778, 781, 784, 790, 796)(Dr. Hayes determined Claimant had good judgment and insight and intact memory)(Tr. 477-78)(Dr. Rippy found Claimant's thought content was goal directed and relevant, memory was intact, no perceptual distortions, appropriately engaged the interviewer, with average intelligence.) Claimant's moderate limitations in the "paragraph B" criteria were confirmed by the state agency reviewers.  (Tr. 82-83, 98-99). Because the "paragraph B" criteria were not met by Claimant, this Court need not address the "paragraph A" criteria.

### Evaluation of the Opinion Evidence

Claimant also challenges the ALJ's decision concerning the mental health opinion evidence.  Dr. Dustin Hayes completed a mental RFC questionnaire on Claimant dated August 7, 2018.  Dr. Hayes essentially found Claimant did not possess the mental abilities and aptitudes to do unskilled work, determining he was "unable to meet competitive standards" in all 25 of the task related abilities listed on the form he utilized.  (Tr. 427-28). The ALJ concluded that the form used by Dr. Hayes were not Social Security approved forms.  She also found that his opinions were

8

not supported by the medical record, that he saw Claimant for routine medication refills and adjustments, that he provided no counseling or therapy, and that he released Claimant from his care on September 27, 2018 due to non-compliance. (Tr. 24). Dr. Hayes also released Claimant from his care and escorted by police from the premises for filling a prescription twice within 24 hours from two pharmacies for benzodiazepine. (Tr. 757).

Because Claimant filed his claim after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization,

9

and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. Id. However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence

10

favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004); *see also* Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

Given that the psychological experts in the case, the ALJ's conclusions with regard to Dr. Hayes' opinion is supported and his opinion are inconsistent with the other opinion evidence. Dr. William H. Farrell found Claimant had only moderate and insignificant limitations in her RFC functions with the exception of interacting appropriately with the general public, which was found to be markedly limited. (Tr. 84-86). Dr. Cynthia Kampschaefer reached similar conclusions. (Tr. 100-102). The ALJ evaluated Dr. Hayes' opinions appropriately.

Claimant also contends the ALJ failed to properly evaluate Dr. Alyssa Rippy's opinions. In particular, Dr. Rippy stated Claimant would "likely have decreased productivity due to anxiety which may become worse with increased workplace stress." (Tr. 478). To the extend a "likely" prediction constitutes an expert opinion, the ALJ accommodated the finding within the RFC, limiting

Claimant to simple tasks with simple instructions in a routine work setting with only occasional changes in work processes and limited interaction with others. (Tr. 20). This Court finds no error in the ALJ's consideration of Dr. Rippy's single finding.

**Consideration of Claimant's Subjective Symptoms**

Claimant contends the ALJ failed to adequately and accurately evaluate his subjective symptoms.[2] The ALJ detailed Claimant's subjective statements of limitation in considerable detail. (Tr. 20-21). She also recited the entirety of the medical record. (Tr. 21-24). It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's

---

[2] For claims made after March 27, 2017, Soc. Sec. R. 96-7p was replaced by Soc. Sec. R. 16-3p in evaluating a claimant's subjective symptoms. Both rulings rely upon the same factors in evaluating a claimant's subjective assertions as to the effect of their condition. The new ruling only makes clear that it is not reflecting upon a claimant's character, thus eliminating the term "credibility".

daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 16-3p, 2016 WL 1119029, at *7.

The ALJ relied upon appropriate factors in evaluating Claimant's subjective statements of her symptoms. The nature of Claimant's treatment, Claimant's non-compliance with treatment, the objective medical testing, the functional opinions of the state agency reviewer and the consulting examiner, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's subjective statements. The ALJ's

13

analysis was entirely appropriate.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE